UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
CHARLES PONA,                      )
                                   )
        Petitioner,                )
                                   )
    v.                             )   C.A. No. 13-491 S
                                   )
ASHBEL T. WALL,                    )
                                   )
        Respondent.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Petitioner Charles Pona has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) The State of Rhode Island has filed a Motion to Dismiss that petition. (ECF No. 4.) For the reasons set forth below, the Motion to Dismiss is GRANTED, and the Petition is DENIED and DISMISSED.[1]

I. Facts and Travel

On April 12, 2010, a state superior court jury convicted Pona of murder, conspiracy to commit murder, carrying a handgun without a license, committing a crime of violence while armed

---

[1] Pona requested permission to file a supplemental application on September 10, 2013. The Court granted Pona permission to do so, but no supplemental application has been filed to date.

with a firearm and obstruction of justice.[2] These charges arose out of the murder of 15-year-old Jennifer Rivera, who was shot while she jumped rope in front of her Providence home on May 21, 2000. Rhode Island v. Pona, 66 A.3d 454, 458-60 (R.I. 2013). Rivera died the next day at Rhode Island Hospital as the result of the shooting. Id.

The timing of Rivera's tragic death was not coincidental. On August 28, 1999, Rivera witnessed Pona commit an unrelated murder and had fingered him in that crime. Id. at 459. Rivera agreed to testify against Pona at a trial slated to begin the day she died. Id. at 459-60. Pona, and several associates, murdered Rivera to silence her. Id.

On August 30, 2002, a Providence County Grand Jury indicted Pona and his associates on a slew of charges related to Rivera's death. Id. at 460-61. Pona was tried and convicted, but the Rhode Island Supreme Court vacated that conviction in 2008 due to certain evidentiary errors during his trial. Id. In April 2010, Pona was again tried, and again convicted. He again appealed that conviction, but this time the Rhode Island Supreme Court found no error, and affirmed his conviction. Id. at 460-

---

[2] A more thorough recitation of the facts may be found in the Rhode Island Supreme Court's May 23, 2013 opinion upholding Pona's conviction. See Rhode Island v. Pona, 66 A.3d 454 (R.I. 2013).

2

65. Pona now challenges the conviction arising out of that second trial.

II. Discussion

Section 2254 provides habeas corpus relief only where a "state court's decision, on any issue it actually decided, 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States.'" Epsom v. Hall, 330 F.3d 49, 52 (1st Cir. 2003) (quoting 28 U.S.C. § 2254(d)(1)) (internal citation omitted).[3] For the purposes of this provision, "an unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 131 S. Ct. 770, 785 (2011) (internal quotation marks omitted). This limited review requires that "[f]ederal courts sitting in habeas must accept state court rulings on state law issues." Rodriguez

---

[3] Section 2254(d) provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

v. Spencer, 412 F.3d 29, 37 (1st Cir. 2005); see also Roberts v. Wall, Civil Action No. CA 13-531-M, 2014 WL 458276, at *3 (D.R.I. Feb. 4, 2014).

    A.    State Law Claims

Pona raises five challenges to his conviction – the same five alleged errors he unsuccessfully identified before the Rhode Island Supreme Court. The Court may quickly dispose of the first four of these challenges because they raise state law evidentiary and jury instruction issues that are not of such a dimension that they render Pona's trial so unfair as to violate due process. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law"); Coningford v. Rhode Island, 640 F.3d 478, 484 (1st Cir. 2011); see also Rodriguez, 412 F.3d at 37 ("Federal courts sitting in habeas must accept state court rulings on state law issues. An inquiry into the correctness of a ruling on state law issues 'is no part of a federal court's habeas review of a state conviction.'") This Court may only consider such pure state law determinations if "the state court's application of state law [was] so arbitrary or capricious as to constitute an independent due process ... violation." Coningford, 640 F.3d at 484.

Here, Pona asserts that the trial court improperly admitted four pieces of evidence: 1) testimony concerning an unrelated

4

murder; 2) testimony indicating that Pona and his accomplices discussed committing an unrelated crime on the day of Rivera's murder; 3) portions of a letter Pona wrote to an accomplice; and 4) testimony regarding placement of a witness against Pona into protective custody in prison.  Second, Pona argues that the trial court improperly failed to tender an "accomplice" instruction informing the jury of the pitfalls of relying on such testimony.  Third, he claims that the trial court improperly permitted the state to introduce "vouching" evidence. Fourth, Pona argues that he should have been granted a new trial by the trial court because certain witnesses against him were not credible due to their cooperation with authorities.[4]

The Rhode Island Supreme Court addressed each of these claims and found them to be without merit.  See Pona, 66 A.3d at 465-75.  The Court has considered the Rhode Island Supreme Court's opinion, and Pona's challenge to it, and finds that none of the Rhode Island Supreme Court's determinations were incorrect, let alone "so arbitrary and capricious" as to violate due process.  Thus, Pona's application fails in this regard.

---

[4] Pona does not argue that these errors violated his due process rights, but the Court has considered the question out of an abundance of caution.  Indeed, aside from his Batson claim, discussed infra, Pona has failed to identify any clearly established federal law that the trial court violated.

5

B. <u>Batson</u> Challenge

Pona's lone claim alleging a violation of federal law may be easily rejected as well. Pona claims that a prosecutor improperly used a peremptory challenge to strike a potential minority juror. In <u>Batson v. Kentucky</u>, the Supreme Court held that, "[a]lthough a prosecutor ordinarily is entitled to exercise permitted peremptory challenges for any reason at all, as long as that reason is related to his view concerning the outcome of the case to be tried, the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race." 476 U.S. 79, 89 (1986) (internal citation and quotation marks omitted). When a defendant raises a <u>Batson</u> challenge to a peremptory strike, a three-step inquiry is required.

> First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. . . . Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination.

<u>Rice v. Collins</u>, 546 U.S. 333, 338 (2006) (internal citation omitted).

Under step two, the prosecutor's rationale suffices "so long as the reason is not inherently discriminatory." <u>Id.</u> Ultimately, the court must determine if the strike resulted from

6

"purposeful discrimination." Batson, 476 U.S. at 98. When faced with this question on a habeas corpus petition, a petition will only be granted "if it was unreasonable to credit the prosecutor's race-neutral explanations." Rice, 546 U.S. at 338.

Here, Pona claims the state violated Batson by dismissing a minority juror through a peremptory challenge. The trial court, while not determining specifically whether Pona had satisfied the first step of the Batson analysis, asked the prosecutor why he had stricken the juror. Pona, 66 A.3d at 472-73. The prosecutor explained that he had prosecuted the potential juror's cousin fifteen years earlier.[5] Id. at 473. This race-neutral explanation is not unreasonable and thus Pona's Batson claim fails.

III. Conclusion

For the foregoing reasons, the state's motion to dismiss is GRANTED, and Pona's petition is hereby DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings in the United States District Courts (2254 Rules), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Pona has failed to make a substantial showing of the denial of a

---

[5] The prosecutor originally requested that the trial court remove the witness for cause. Pona, 66 A.3d at 462. The trial judge declined. Id.

constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Pona is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2254 Rule 11(a).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  February 3, 2015