UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
CHARLES PONA,                       )
                                    )
        Petitioner,                 )
                                    )
        v.                          )   C.A. No. 13-491 S
                                    )
ASHBEL T. WALL,                     )
                                    )
        Respondent.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On February 3, 2015, this Court issued a memorandum and order granting the State of Rhode Island's motion to dismiss Petitioner Charles Pona's petition for writ of habeas corpus and denying and dismissing the petition with prejudice. (ECF No. 7.) Pona sent a letter to this Court bearing the same date, which this Court received on February 10, 2015. In his letter, Pona complains that he never received notice that this Court granted his request for permission to supplement his petition. Additionally, Pona expressed surprise that this Court adjudicated the merits of his petition while his postconviction-relief ("PCR") application remains pending in state court. This Court construes the letter as a motion for reconsideration of the denial of Pona's petition, and, for the reasons that follow, the motion is DENIED.

A brief rehash of the background of this case is necessary to put Pona's letter in context. On May 23, 2013, the Rhode Island Supreme Court affirmed Pona's convictions for murder, conspiracy to commit murder, carrying a handgun without a license, committing a crime of violence while armed with a firearm, and obstruction of justice. State v. Pona, 66 A.3d 454, 460-61, 465, 477 (R.I. 2013). Pona filed his habeas petition in this court on July 1, 2013. Each of the grounds identified by Pona in his petition had been presented to and rejected by the Rhode Island Supreme Court during his direct appeal. See id. at 465-77. In his petition, Pona indicated that no PCR applications or other collateral-review filings existed. (See Pet. 4, 7-8, 10-11, 13, ECF No. 1; see also Pet'r's Mot. Supplement Pet. 1, ECF No. 6 ("At the time that the Petitioner filed hi[s] Petition he had no pending action in State court.").)

In due course, the state moved to dismiss the petition, claiming that it was meritless. Pona never responded to the state's motion. On September 10, 2013, Pona moved to supplement his petition; in this motion, Pona indicated that, subsequent to the filing of his petition, he had filed a PCR application in Rhode Island Superior Court and that, in the event that the PCR application was unsuccessful in that venue, he intended to assert in the petition pending in this Court the claims that he

2

raised in the PCR application. (Pet'r's Mot. Supplement Pet. 1, ECF No. 6.) Pona did not identify these claims in his motion. This Court granted Pona's motion on September 17, 2013.

However, Pona never supplemented his petition as promised, and, for the next year and four months, nothing transpired in this case. Unwilling to perpetuate the delay any longer, this Court addressed the state's motion to dismiss. Because the petition was blatantly meritless, this Court granted the motion and denied and dismissed the petition.

Although the Federal Rules of Civil Procedure do not explicitly provide for a "motion for reconsideration" of a final judgment, such a motion is cognizable in certain limited circumstances as either a motion for amendment or alteration of judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. See Mena-Valdez v. E.M. T-Shirts Distribs., Inc., 878 F. Supp. 2d 357, 360-61 (D.P.R. 2012); see also Fisher v. Kadant, Inc., 589 F.3d 505, 511-12 (1st Cir. 2009). Prevailing under either procedural vehicle is an uphill battle; relief is available only in limited and rather extraordinary circumstances. See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008) ("A court appropriately may grant a motion for reconsideration [under Rules 59(e) and 60(b)] 'where the movant shows a manifest error

of law or newly discovered evidence.'  Likewise, a motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'" (quoting Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007); quoting Sandoval Diaz v. Sandoval Orozco, No. 01-1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005))); Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) ("[I]t is very difficult to prevail on a Rule 59(e) motion.  The general rule in this circuit is that the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004))); Fisher, 589 F.3d at 512 ("A party seeking relief under Rule 60(b) must demonstrate 'at a bare minimum, that . . . exceptional circumstances exist, favoring extraordinary relief'" (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002))); see also Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (a habeas petitioner's procedurally proper Rule 60(b)(6) motion "requires a showing of 'extraordinary circumstances'").[1]

---

[1] In the event that Pona's letter is construed as a Rule 60(b) motion, it is important to emphasize that it is a "'true' Rule 60(b) motion." Gonzalez v. Crosby, 545 U.S. 524, 539 (2005) (Stevens, J., dissenting).  In other words, because Pona's argument for reconsideration (to the extent one is even made) takes umbrage not with the substance of this Court's

This case does not present such circumstances. Where, as here, each claim asserted in a habeas petition has been presented to the state courts on direct appeal, the claim is exhausted for habeas purposes. Gunter v. Maloney, 291 F.3d 74, 82 (1st Cir. 2002) ("Federal habeas review does not demand that a petitioner in every case ask the state for collateral relief where he has already fairly presented the claim and the evidence on direct appeal."); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[In order to satisfy exhaustion requirement,] state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Brown v. Allen, 344 U.S. 443, 447 (1953) ("It is not necessary in such circumstances for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review . . . .").

Thus, all of the claims asserted in Pona's petition were exhausted at the time Pona filed it, and the fact that he subsequently filed a state PCR application did not alter the

---

adjudication of the merits of Pona's petition but with the discrete issue of the procedural propriety of this Court's adjudication of the petition while Pona's state PCR application remained pending, it is a procedurally proper Rule 60(b) motion and not a second or successive habeas petition in disguise. See id. at 531-33, 535-36, 538 (majority opinion); Rodwell v. Pepe, 324 F.3d 66, 71 (1st Cir. 2003) ("[I]f the factual predicate of the motion challenges only the procurement of the federal habeas judgment, it may be adjudicated under Rule 60(b).").

exhausted status of Pona's habeas claims.  See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 72 (1st Cir. 2002) (claims asserted in a habeas petition that were presented to state courts during direct-appeal process were fully exhausted, notwithstanding the fact that the petitioner subsequently filed a state PCR application raising a different claim); cf. Roper v. Weaver, 550 U.S. 598, 601 (2007) (per curiam) ("[R]espondent's habeas petition, which was fully exhausted when filed, did not become unexhausted upon his decision to seek certiorari."). Because Pona's claims were fully exhausted, this Court properly adjudicated them, even though Pona's state PCR application remained pending. See Nowaczyk, 299 F.3d at 77 ("[T]he district court was not required to delay its decision on [the petitioner's] fully-exhausted claims until the conclusion of the state proceedings."); see also United States ex rel. Boyance v. Myers, 372 F.2d 111, 112 (3d Cir. 1967) ("It is no bar to federal adjudication of the merits of the present claim that a separate claim for relief on a different ground is pending in a state court.").

To be sure, this Court had discretion to stay adjudication of Pona's petition until completion of the state PCR proceedings.  See Nowaczyk, 299 F.3d at 77-78, 81.  However, a delay was not warranted in this case.  For one thing, Pona's motion to supplement his petition did not request a stay of his

6

habeas proceedings; rather, he sought only leave to supplement his petition. (See Pet'r's Mot. Supplement Pet. 1, ECF No. 6.) For another thing, even if Pona's failure to request a stay is overlooked, this Court was not provided sufficient information to justify staying the habeas proceedings. Pona did not identify in his motion the claims asserted in his state PCR application, so this Court was not in a position to assess whether these unexhausted claims have merit. Cf. Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (explaining that the stay-and-abeyance procedure in the case of a habeas petition containing both exhausted and unexhausted claims should be utilized over dismissal of the petition without prejudice where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"). Even now, this same deficiency persists because Pona failed to identify in his letter to this Court the claims that he asserted in his state PCR proceeding. Therefore, to the extent that the letter implies that this Court should have stayed this case until the PCR application was fully adjudicated by the state courts, this effort is both too little and too late.

Finally, the delay that has already occurred in this case is significant. This Court granted Pona's motion to supplement

his petition on September 17, 2013. Thereafter, Pona made no effort to supplement his petition. A year and four months came and went with no action from Pona.[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") aimed to "reduce[] the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." Rhines, 544 U.S. at 276 (quoting Duncan v. Walker, 533 U.S. 167, 179 (2001)). The Supreme Court has cautioned that district courts must remain mindful of the ever-present danger that "petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." Id. at 278. Confronted with a habeas petition containing fully-exhausted and hopelessly-meritless claims and with an inordinate delay of well over one year, this Court determined that Pona's journey on the road to finality should not last any longer.

---

[2] In his letter, Pona claims that he did not receive notice of this Court's leave to supplement his petition. This assertion is dubious. Pona had no trouble receiving this Court's memorandum and order denying and dismissing his petition; his letter followed closely on its heels. Even if Pona never received notice of this Court's approval of his motion to supplement, the timeline still is not in his favor. He filed his motion to supplement on September 10, 2013 and then did nothing in this case for the next sixteen months.

For these reasons, this Court concludes that the circumstances of this case do not justify reconsideration of the memorandum and order denying and dismissing Pona's petition.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: February 24, 2015